## Will Parker v. The State.

No. 3042.    Decided January 25, 1905.

**Causing Intoxicating Liquor to Be Given a Minor.**

Where the evidence showed that the defendant offered a bottle of whisky to W., inviting him to take a drink, still having the bottle in his hand, when upon invitation of W., C., a minor, took the bottle from defendant's hand and took a drink, defendant not objecting, the court correctly refused defendant's requested charge that the facts did not constitute a gift of the liquor by defendant; since it is an offense as well to cause to be given intoxicating liquors to a minor; and since C's, action was a permissive taking from defendant.

Appeal from the County Court of Ellis.    Tried below before Hon. Lee Hawkins.

Appeal from a conviction of causing intoxicating liquor to be given to a minor; penalty, a fine of $25.

The opinion states the case.

*Clyde F. Winn,* for appellant.—Duffell v. Noble, 14 Texas, 640; Bradner on Evidence, p. 239.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of causing intoxicating liquors to be given a minor, and fined $25.

Appellant's application for continuance cannot be considered in the absence of a bill of exceptions.

During the progress of the trial appellant testified for himself, as follows: "I live near May Pearl in Ellis County; am a farmer; didn't give Dennis Crow any whisky. I started to take some whisky to a sick lady in the community, who lived near Bud Wiggins. Dennis Crow went with me. On the way we stopped at the house of Bud Wiggins. While there I handed the bottle of whisky over to Bud Wiggins, and said to him, 'Bud, have a drink.' Bud Wiggins took the bottle, and tried to take the cork out but could not; and handed the bottle back to me to take it out for him. I removed the cork, and reached it back to Bud. But Wiggins turned to Dennis Crow and said: 'Dennis, have a drink.' Dennis. Crow then took the whisky out of my hand and drank. I did not offer him the whisky; nor did I hand it to him. He reached out while I was still holding the whisky out to Bud Wiggins, and took the same. I thought he was over 21 years of age. He had claimed to be his own man, and from his weight, height, and general appearance I judged him to be over 21 years of age. I had known Dennis Crow for four years. His mother is a widow. We had lived in the same neighborhood for two years. I did not object or do anything to prevent Dennis Crow from taking the whisky out of my hand."

Appellant complains of the failure of the court to give the following

instruction: "You are further instructed that if you believe from the evidence in this case that Bud Wiggins handed the bottle of whisky back to defendant, Will Parker, to remove the cork; that defendant did remove the cork from the bottle and handed the bottle back to Bud Wiggins, and you further believe from the evidence that at this juncture Bud Wiggins invited Dennis Crow to take a drink, and in obedience to such request you believe that Dennis Crow reached and took the whisky from the hands of the defendant, then you are instructed that such facts would constitute a taking by Dennis Crow, and not the gift to him by defendant; and if you so find from the evidence, you will acquit defendant." This charge is not correct. It is an offense in this State to give or cause to be given intoxicating liquor to a minor. It is true that if Dennis Crow took the whisky, this would be a taking by Dennis Crow, but it would none the less be a gift of the same by defendant since it was a permissive taking. If he gave him the whisky or caused it to be given, in either event, he would be guilty. The evidence is sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.